# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| ED HENDRICKSON, | ) | |
| | ) | Case No. 3:18-cv-377 |
| *Plaintiff,* | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Debra C. Poplin |
| ROANE COUNTY TENNESSEE et al., | ) | |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM OPINION

Before the Court are Defendant Charles Barger's motion to dismiss for failure to state a claim (Doc. 34) and Defendants Justin Edwards and Roane County's motion to dismiss for failure to state a claim (Doc. 35). For the reasons set forth below, Defendant Barger's motion will be **GRANTED** and Defendants Edwards and Roane County's motion will be **GRANTED.**

## I. BACKGROUND

The following facts, alleged in Plaintiff's amended complaint, are accepted as true for the purposes of this motion.[1] Plaintiff Ed Hendrickson alleges that, on or about September 20, 2017, he was expecting a package to be delivered by FedEx. (Doc. 32, at 3.) Plaintiff contacted FedEx and learned that the package had been delivered, not to his residence, but to a residence "near the

---

[1] Plaintiff attached an affidavit to his response to Defendants' motions to dismiss. (*See* Doc. 37-1.) However, because this case is at the motion-to-dismiss stage, the Court cannot, and does not, consider this affidavit in ruling on Defendants' motions to dismiss. *E.g.*, *Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016) ("In evaluating a motion to dismiss, [the court] 'may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein.'").

woods," with "a carport." (*Id.*) Plaintiff, in an attempt to find his package, began going "door to door near his home." (*Id.*) According to Plaintiff, Defendant Barger's residence "consists of a house that is near the woods and has a carport." (*Id.*) Plaintiff alleges that he entered Barger's property "for approximately thirty seconds," but immediately left after determining his package was not there. (*Id.* at 4, 5.) Plaintiff also alleges that, at the time he entered Barger's property, "there were no posted signs warning against trespassing on or near [Barger's] property." (*Id.* at 4.) At the time of these events, Plaintiff and Barger were engaged in an ongoing "property line law suit." (*Id.*)

Later that same day, Plaintiff met with the attorney representing him in the property-line suit at his residence. (*Id.*) During this meeting, Plaintiff "made note of several newly posted 'no trespassing' signs on and around" Barger's property. (*Id.*) Around 5:25 p.m. on the evening of September 20, 2017, Barger called the police. (*Id.* at 2.) Defendant Edwards, an officer with the Roane County Sheriff's Department, received the call. (*Id.*) Prior to arriving at Barger's residence, Edwards spoke to an Officer Murphy who informed him that Barger did not want anyone on his property and made Edwards aware of an ongoing civil dispute between Plaintiff and Barger. (*Id.* at 3.) According to Plaintiff, Edwards claims that, upon arriving at the scene, he watched a video that shows Plaintiff on Barger's property along with "several prominently posted signs for 'no trespassing.'" (*Id.*) Barger also explained to Edwards about the ongoing dispute between him and Plaintiff. (*Id.*) During this conversation, Edwards reportedly told Barger that he had spoken to Deputy Brooke Barger about the incident, that she "kn[ew] what [Edwards was] going to do." (*Id.* at 4.) Edwards also told Barger that "[Plaintiff] is about to learn." (*Id.*) Edwards then issued a warrant for Plaintiff's arrest based on criminal trespass. (*Id.*) Plaintiff was physically arrested by Edwards and taken to the Roane County Detention

Facility. (*Id.*) On April 24, 2018, the criminal charges against Plaintiff were dismissed. (*Id.* at 5.)

Plaintiff initiated the instant action on September 11, 2018. (Doc. 1.) In his amended complaint, Plaintiff alleges that Edwards violated his Fourth Amendment rights and asserts a claim against him pursuant to Title 42, Section 1983 of the United States Code, as well as state-law claims for false arrest and intentional infliction of emotional distress. (Doc. 32, at 5–6.) Plaintiff asserts a claim against Roane County for failure to supervise, brought pursuant to Title 42, Section 1983 of the United States Code. (*Id.* at 7–8.) Finally, Plaintiff asserts a claim against Barger for civil conspiracy. (*Id.* at 6–7.) Defendants have filed the instant motions to dismiss (Docs. 34, 35), and these motions are now ripe for the Court's review.

## II. STANDARD OF REVIEW

According to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though the statement need not contain detailed factual allegations, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

A defendant may obtain dismissal of a claim that fails to satisfy Rule 8 by filing a motion pursuant to Rule 12(b)(6). On a Rule 12(b)(6) motion, the Court considers not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct." *Id.* at 679. For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all

well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). This assumption of veracity, however, does not extend to bare assertions of legal conclusions, *Iqbal*, 556 U.S. at 679, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

After sorting the factual allegations from the legal conclusions, the Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. This factual matter must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. ANALYSIS

### A. Roane County and Edwards's Motion to Dismiss

#### i. *Edwards*

##### a. Fourth Amendment

Plaintiff first claims that Edwards violated his Fourth Amendment rights by arresting him "with no basis of law or fact." (Doc. 32, at 5.) Edwards argues that he is entitled to qualified immunity on this claim because he had probable cause to arrest Plaintiff, and, even if he did not, he could reasonably have believed that Plaintiff's right to be free from arrest under the circumstances in this case was not clearly established. (Doc. 36, at 4–9.)

Qualified immunity, if it applies, is a defense not just against liability, but against suit itself. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). For this reason, "insubstantial claims against government officials should be resolved as early in the litigation as possible, preferably prior to broad discovery." *Johnson v. Mosely*, 790 F.3d 649, 653 (6th Cir. 2015) (citing *id.*) Qualified immunity typically applies unless the contours of the asserted right were sufficiently clear that every reasonable official would have understood that what he was doing violated that right. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Since Edwards has raised the defense of qualified immunity, Plaintiff bears the burden of showing that Edwards is not entitled to qualified immunity. *Untalan v. City of Lorain*, 430 F.3d 312, 314 (6th Cir. 2005). "At the pleading stage, this burden is carried by alleging facts plausibly making out a claim that the defendant's conduct violated a constitutional right that was clearly established law at the time, such that a reasonable officer would have known that his conduct violated that right." *Johnson*, 790 F.3d at 653. "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Plaintiff is thus obliged to plead *facts* that, viewed in the light most favorable to him, make out a violation of a constitutional right so clearly established in a particularized sense that a reasonable officer confronted with the same situation would have known that his conduct violated that right." *Johnson*, 790 F.3d at 653 (citing *al-Kidd*, 563 U.S. at 741). That is, the right said to have been violated must be defined "in light of the specific context of the case, not as a broad general proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

In the Sixth Circuit, there is a constitutional right to "freedom from arrest in the absence of probable cause." *Courtright v. City of Battle Creek*, 839 F.3d 513, 520–21 (6th Cir. 2016) (quoting *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015)). To survive a motion to dismiss, Plaintiff must allege facts that make out a "plausible violation of that constitutional right, *i.e.* that his arrest was unsupported by probable cause." *Id.*

To determine whether an arrest was supported by probable cause, the Court must determine "whether, at the time of the arrest, the facts and circumstances within [the arresting officer's] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent person to conclude that an individual either had committed or was committing an offense." *United States v. Torres-Ramos*, 536 F.3d 542, 555 (6th Cir. 2008) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964) (internal quotation marks omitted)). Probable cause requires officers to "show more than mere suspicion . . . [but] does not require that they possess evidence sufficient to establish a prima facie case at trial, much less evidence to establish guilt beyond a reasonable doubt." *Id.* (quoting *United States v. Strickland*, 144 F.3d 412, 416 (6th Cir. 1998)).

Edwards argues that, at the time he arrested Plaintiff, he was aware of the civil dispute between Plaintiff and Barger, had observed posted "no trespassing" signs on Barger's property, had viewed a surveillance video showing Plaintiff on Barger's property without consent, and was aware that Plaintiff had previously been ordered to stay away from Barger's property. (Doc. 36, at 6–7.) If this were the case, there is no doubt that Edwards would have had probable cause to arrest Plaintiff under Tennessee law. *See* Tenn. Code Ann. § 39-14-405.[2] However, Plaintiff's

---

[2] Tennessee Code Annotated § 39-14-405(a) provides that:

> A person commits criminal trespass if the person enters or remains on property, or any portion of property, without the consent of the owner. Consent may be

amended complaint does not allege that Edwards watched the surveillance video; rather, Plaintiff alleges that Edwards only *claims* to have watched the video. (Doc. 32, at 3 (emphasis added).) In other words, construing Plaintiff's complaint in the light most favorable to him, he is implying that Edwards did not in fact watch a surveillance video but only stated that he did. Assuming the veracity of this factual allegation—that Edwards did not actually watch the surveillance video— Edwards would have only known that Plaintiff and Barger had an ongoing dispute, that Barger had "no trespassing" signs on his property at the time Edwards arrived, that an officer had previously told Plaintiff to stay off Barger's property, and that Barger reported Plaintiff had been on his property. However, "[a] crime victim's statement generally will suffice to establish probable cause." *United States v. McKnight*, 385 F. App'x 547, 549 (6th Cir. 2010); *United States v. Shaw*, 464 F.3d 615, 623 (6th Cir. 2006).

Plaintiff argues, nevertheless, that the purported video would show that there were no posted "no trespassing" signs and that Plaintiff "left the property quickly," and, accordingly, Edwards would have no probable cause to arrest him under Tennessee Code Annotated § 39-14-405[3] because it would "have been clear to any reasonable officer that Plaintiff did not substantially interfere" with Barger's use of the property. (Doc. 37, at 3–4.) However, if an

---

       inferred in the case of property that is used for commercial activity available to the general public or in the case of other property when the owner has communicated the owner's intent that the property be open to the general public.

[3] Under Tennessee Code Annotated § 39-14-405, it is a defense to prosecution for criminal trespass that:

       (1) A person entered or remained on property that the person reasonably believed to be property for which the owner's consent to enter had been granted;

       (2) The person's conduct did not substantially interfere with the owner's use of the property; and

       (3) The person immediately left the property upon request.

officer knows that a person has been ordered to stay off property "and subsequently sees the person on the prohibited property, the officer can lawfully arrest the person for criminal trespass." *State v. Ash*, 12 S.W.3d 800, 804 (Tenn. Crim. App. 1999).  Based on the facts known to Edwards at the time of Plaintiff's arrest, it cannot be said that there was no probable cause to arrest Plaintiff for criminal trespass.  Accordingly, Edwards is entitled to qualified immunity on this claim.

    b.  <u>Common Law False Arrest</u>

    Plaintiff next asserts a claim against Edwards for common law false arrest.  Edwards argues Plaintiff has failed to state a claim for false arrest because he has not alleged facts to demonstrate Edwards did not have probable cause for the arrest.  (Doc. 36, at 9.)

    To state a claim for common law false arrest, a plaintiff must allege:  "(1) the detention or restraint of one against his will and (2) the unlawfulness of such detention or restraint." *Crowe v. Bradley Equip. Rentals & Sales, Inc.*, No. E200802744COAR3CV, 2010 WL 1241550, at *6 (Tenn. Ct. App. Mar. 31, 2010) (quoting *Coffee v. Peterbilt of Nashville, Inc.*, 795 S.W.2d 656, 659 (Tenn. 1990)).  For the reasons stated above, Plaintiff has not alleged facts sufficient to show his arrest was unlawful, or that Edwards did not have probable cause to arrest him.  Accordingly, Plaintiff has failed to state a claim for common law false arrest.

    *ii.*  ***Roane County***

    Plaintiff asserts a § 1983 claim against Roane County for failure to supervise its patrol officers.  (Doc. 32, at 7–8.)  Roane County argues the claims against it should be dismissed because no Roane County official committed a constitutional violation.  (Doc. 36, at 9–10.)

    "There must be a constitutional violation for a § 1983 claim against a municipality to succeed—if the plaintiff has suffered no constitutional injury, his *Monell* claim fails." *North v.*

*Cuyahoga Cty.*, 754 F. App'x 380, 389 (6th Cir. 2018); *see also City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Because Plaintiff has not sufficiently alleged a constitutional deprivation, his § 1983 claim against Roane County must be dismissed.

### B. Barger's Motion to Dismiss

Barger argues Plaintiff's civil conspiracy claim against him should be dismissed because he does not allege sufficient facts to state a claim for civil conspiracy under § 1983 and he devotes much of his memorandum to explaining why Barger cannot be held liable as a state actor. (*See* Doc. 34-1, at 7–12.) But Barger's argument is inapposite because Plaintiff's amended complaint makes clear that he is asserting a common-law civil-conspiracy claim against Barger rather than a claim for civil conspiracy under § 1983. (*See* Doc. 32, at 6–7.)

Plaintiff relies on the "federal common law" as defined in *Halberstam v. Welch*, 705 F.2d 472 (D.C. Cir. 1983). (Doc. 32, at 7.) In *Halberstam*, the court described the elements of civil conspiracy as: "(1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance of the common scheme." *Halberstam*, 705 F.2d at 477. Under Tennessee law, civil-conspiracy claims consist of the same elements: "(1) a common design between two or more persons, (2) to accomplish by concerted action an unlawful purpose, or a lawful purpose by unlawful means, (3) an overt act in furtherance of the conspiracy, and (4) resulting injury." *Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 38 (Tenn. Ct. App. 2006). However, civil-conspiracy claims must be pled with some degree of specificity. *Id.* (citing *McGee v. Best*, 106 S.W.3d 48, 64 (Tenn. Ct. App. 2002)). Additionally, "[c]ivil conspiracy requires an underlying

predicate tort allegedly committed pursuant to the conspiracy." *Watson's Carpet & Floor Coverings, Inc. v. McCormick*, 247 S.W.3d 169, 180 (Tenn. Ct. App. 2007).

As described earlier, Plaintiff has not sufficiently alleged that there was an unlawful arrest and, therefore, has not stated a claim for civil conspiracy, which requires an underlying tort committed pursuant to the conspiracy. Accordingly, Plaintiff's claim for civil conspiracy must be dismissed.

### C.    Supplemental Jurisdiction

Plaintiff's state-law claim against Edwards for infliction of emotional distress remains. Edwards did not move to dismiss this claim. (*See generally* Doc. 36.) However, because all claims over which the Court has original jurisdiction have been dismissed and the parties are non-diverse, the basis for the Court's original jurisdiction is extinguished. The Court finds that the interests of judicial economy and abstaining from needlessly deciding state-law issues weigh in favor of declining to exercise supplemental jurisdiction over Plaintiff's remaining state law claim. Accordingly, Plaintiff's claim against Edwards for infliction of emotional distress is hereby **DISMISSED WITHOUT PREJUDICE.**

## IV.    CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' motions to dismiss (Docs. 34, 35). The following claims are **DISMISSED WITH PREJUDICE**:  (1) Plaintiff's civil-conspiracy claim against Barger; (2) Plaintiff's Fourth Amendment and false-arrest claims against Edwards; and (3) Plaintiff's failure-to-supervise claim against Roane County. Plaintiff's infliction-of-emotional-distress claim against Edwards is **DISMISSED WITHOUT PREJUDICE**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**